GEORGE C. BLANCHARD *vs.* DEDHAM GAS LIGHT COMPANY.

A sale in good faith of shares in the stock of a manufacturing corporation, accompanied by an assignment and delivery of the certificate, without notice to the corporation, is invalid as against a subsequent attachment and sale on execution against the seller.

ACTION OF TORT against a manufacturing corporation incorporated by *St.* 1853, *c.* 68, to recover damages for their refusal to accept the surrender of a certificate of sixty shares of their capital stock, and grant a new certificate. The parties submitted the case to the judgment of the court upon the following facts ·

George Odiorne, owning these shares, and holding the certificate thereof, sold and assigned them by an assignment on the back of the certificate, and for a valuable consideration, to Richard Pitts, and delivered the certificate to him. From Pitts these shares came by various sales to the plaintiff. After the sale to Pitts, and before the defendants' or their treasurer had any notice of that sale, the shares were attached on mesne process against Odiorne as his property, and sold on execution issued on the judgment obtained in that action to Henry Cormerais, the defendants' president, and a new certificate delivered to Cormerais. After this the plaintiff, claiming under the sale to Pitts, for the first time notified the defendants of his claim, and offered to surrender the original certificate, and demanded a new certificate in his own name, which the defendants refused to issue, insisting that Cormerais was the owner of the shares.

The defendants' by-laws provide that "stock may be transferred by an assignment on the back of the certificate and notice of the same to the treasurer, and the party to whom it is transferred shall be entitled to a new certificate for the same number of shares by surrendering the old certificate to the treasurer."

*J. A. Andrew*, for the plaintiff. The sale by Odiorne to Pitts being made in good faith and accompanied by delivery of the certificate and of an assignment indorsed thereon, was complete, and entitles the plaintiff to maintain this action. Angell & Ames on Corp. §§ 351, 564. *Howe* v. *Starkweather*, 17 Mass. 243. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 98, 99. *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 243. *Turner* v. *Marblehead Social Ins. Co.* 10 Mass. 482. *Sargent* v. *Essex Marine Railway*, 9 Pick. 202. *Eames* v. *Wheeler*, 19 Pick. 444. *United States* v. *Vaughan*, 3 Binn. 394. *Wilson* v. *Little*, 2 Comst. 443. *Kortright* v. *Buffalo Commercial Bank*, 20 Wend. 91. The by-laws of the defendants cannot render a *bona fide* sale and transfer invalid, although made in a different manner. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 98, & cases cited. *Sargent* v. *Essex Marine Railway*, 9 Pick. 202. In *Fisher* v. *Essex Bank*, 5 Gray, 373, the charter provided that the shares of the corporation should be transferable only on its books.

*G. M. Browne*, for the defendants, cited Rev. Sts. *c.* 38, § 12 *c.* 45; *c.* 90, § 38; *Sts.* 1838,.*c.* 98, § 3; 1846, *c.* 45; 1847, *c.* 107; *Hastings* v. *Blue Hill Turnpike*, 9 Pick. 83; *Lanfear* v. *Sumner*, 17 Mass. 114; *Sargent* v. *Franklin Ins. Co.* 8 Pick. 99; *Fisher* v. *Essex Bank*, 5 Gray, 373; *Boyd* v. *Rockport Steam Cotton Mills*, 7 Gray, 406; *Agricultural Bank* v. *Burr*, 24 Maine, 256; *Oxford Turnpike* v. *Bunnel*, 6 Conn. 552.

By THE COURT. The defendants are incorporated by *St.* 1853, *c.* 68, with all the powers and privileges, and subject to all the duties and liabilities of the 38th and 44th chapters of the revised statutes. The twelfth section of the Rev. Sts. *c.* 38, as modified by *St.* 1846, *c.* 45, provides that " any shares in manufacturing corporations may be transferred by the proprietor thereof, by an instrument in writing, under his hand, recorded by the clerk of the corporation in a book to be kept for that purpose; and the purchaser named in such instrument so recorded shall, on producing the same to the treasurer, and delivering to him the former certificate, be entitled to a new certificate." But the facts agreed in this case show that the plaintiff and those under whom he claims never gave the corporation any notice of the transfer to them, nor made any request to have it recorded, nor asked for a new certificate, until after the shares had been taken and sold on execution as the property of Odiorne, in whose name they stood on the books of the corporation. At the time of the seizure and sale the assignment and transfer had not been completed so as to be effectual against the creditors of the assignor. *Fisher* v. *Essex Bank*, 5 Gray, 373.

*Judgment for the defendants.*